a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GLENN DAMOND, Plaintiff | CIVIL DOCKET NO. 1:24-CV-00015 SEC P |
| VERSUS | JUDGE DRELL |
| CITY OF HARRISONBURG ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (ECF No. 22) filed by Defendant City of Harrisonburg as to the civil rights Complaint of pro se Plaintiff Glenn Damond ("Damond"). ECF No. 1, 8. Damond alleges that his rights under the United States Constitution and Louisiana law were a violated when he was incarcerated at Catahoula Correctional Center ("CCC") in Harrisonburg, Louisiana.

Because Damond fails to state a viable claim against the City of Harrisonburg, the Motion to Dismiss should be GRANTED.

I. Background

Damond alleges that CCC has "a strict no smoking policy," but the policy was not enforced during his period of incarceration. ECF No. 1 at 13.

II. Law and Analysis

    A. The City of Harrisonburg's Motion to Dismiss should be granted.

        1. Rule 12(b)(6) Standard

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss all or part of a complaint for "failure to state a claim upon which relief can be granted."[1] But a complaint should not be dismissed "if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) (internal citation and quotation omitted).

A complaint fails to state a claim upon which relief may be granted when it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while

---

[1] And Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

While pro se complaints are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not prevent a motion to dismiss." *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quotation omitted).

2. <u>Damond does not state a plausible claim against the City of Harrisonburg.</u>

A plaintiff seeking to impose liability on a municipality under § 1983 is required to identify a municipal "policy" or "custom" that was the "moving force" of a constitutional violation. *Monell v. Dep't. of Social Services*, 436 U.S. 658, 694 (1978); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Damond presents no facts involving the City of Harrisonburg. Nor does he identify a city policy or custom that led to the violation of his rights. Damond asserts no connection between the City of Harrisonburg and CCC, its warden, or the Defendant Sheriff of Catahoula Parish. He has presented only a "naked assertion." *Iqbal*, 556 U.S. at 678.

III. <u>Conclusion</u>

Because Damond fails to state a plausible claim against the City of Harrisonburg, IT IS RECOMMENDED that the Motion to Dismiss (ECF No. 22) be

GRANTED, and the claims against the City of Harrisonburg be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, December 17, 2024.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE