a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **GLENN DAMOND**  Plaintiff | **CIVIL DOCKET NO. 1:24-CV-00015**  **SEC P** |
| **VERSUS** | **JUDGE DRELL** |
| **CITY OF HARRISONBURG, ET AL,**  Defendants | **MAGISTRATE JUDGE PEREZ-MONTES** |

MEMORANDUM ORDER

Before the Court is a Motion to Compel and for Sanctions (ECF No. 31) filed by pro se Plaintiff Glenn Damond ("Damond"). Damond filed suit under 42 U.S.C. § 1983 for the unconstitutional exposure to environmental tobacco smoke at Catahoula Correctional Center ("CCC").

I. Background

Damond alleges that Defendants' discovery responses were "half submitted," with important documents missing. ECF No. 31 at 1. He asserts that Defendants "lied and said the cameras do not exist," and inaccurately claimed that investigatory documents regarding Defendant Stott do not exist. *Id.* He asks that Defendants be sanctioned for the "willful spoliation of evidence." *Id.*

II. Law and Analysis

A. Damond is not entitled to an order to compel the production of evidence.

In connection with a discovery motion, Rule 37(a)(1) requires:

1

> The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

"[C]ourts vigorously enforce this pre-filing meet-and-confer requirement, frequently denying motions to compel for insufficient efforts to avoid the need for a motion altogether." *Davis v. Supreme Lab. Source, LLC*, No. 23-cv-00046, 2024 WL 2143598, at *3 (W.D. Tex. 2024) (internal quotations and brackets omitted) (citing 8B Charles A. Wright & Arthur R. Miller, Fed. Practice & Procedure, § 2285 (3d ed.)).

Damond alleges that he attempted to contact defense counsel on five different occasions "within the 30-day mark" to "try to resolve the matter. . . ." ECF No. 31 at 1. Presumably, Damond refers to the 30 days in which discovery was pending. However, Damond does not claim that he attempted to confer with counsel after the production, and before filing the Motion. Accordingly, Damond failed to comply with the Federal Rules.

Furthermore, Damond makes an unsupported claim that Defendant Stott was fired for "bringing Mojo and other drugs" into the jail. Defendants deny that Stott's termination was due to the action alleged, and they affirm that Stott was never subject to an investigation at CCC. Thus, there are no documents to produce. ECF No. 33 at 3.

Similarly, Damond seeks video footage from February 2023 through November 2023. ECF No. 31-1 at 6. Defendants provide that the security system at CCC is self-overwriting every 14-28 days. Thus, any video sought was overwritten long before Damond filed suit.

Damond seeks evidence that does not exist. The Court cannot compel the production of nonexistent evidence.

B. **Damond is not entitled to sanctions.**

Damond seeks sanctions in the form of a spoliation instruction at trial. ECF No. 31 at 1-2. "The spoliation of evidence doctrine governs the intentional destruction of evidence." *Coastal Bridge Co., L.L.C. v. Heatec, Inc.*, 833 F. App'x 565, 573 (5th Cir. 2020) (internal citations omitted). There is no indication—and Defendants specifically deny—that video footage or documents were intentionally destroyed.

Accordingly, IT IS ORDERED that the Motion to Compel and for Sanctions (ECF No. 31) is DENIED.

SIGNED on Thursday, July 24, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE