a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

GLENN DAMOND,                             CIVIL DOCKET NO. 1:24-CV-00015
Plaintiff                                                                SEC P

VERSUS                                                          JUDGE DRELL

CITY OF HARRISONBURG ET AL,      MAGISTRATE JUDGE PEREZ-MONTES
Defendants

---

## REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment (ECF No. 35) filed by Defendants Toney Edwards, Eric Stott, Jeremy Wiley, Gary Allen, and Jessica Girod. Also before the Court is a Motion for Summary Judgment (ECF No. 39) filed by pro se Plaintiff Glenn Damond ("Damond").

Because Damond fails to state viable constitutional claims, and there is no genuine issue of material fact, Defendants' Motion for Summary Judgment (ECF No. 35) should be GRANTED, and Damond's Motion for Summary Judgment (ECF No. 39) should be DENIED.

## I.  Background

Damond filed suit under 42 U.S.C. § 1983 alleging that, while incarcerated at Catahoula Correctional Center ("CCC"), he was exposed to second-hand smoke from tobacco and "Mojo"[1]; denied adequate medical treatment for the effects of the alleged

---

[1] He describes "Mojo" as a synthetic cannabinoid containing "rat poison, wasp spray, [and] roach spray."  ECF No. 8 at 3.

1

exposure; and subjected to retaliation in violation of the First Amendment. *Id.* at 4. Damond also presents various state law negligence claims based on the same facts. *Id.*

## II.    Law and Analysis

### A.    Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact.  *See Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* FED. R. CIV. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . .").

A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party.  *Id.*

**B.    Defendants are entitled to judgment as a matter of law on Damond's claims regarding second-hand smoke.**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. Amend. VIII. The Supreme Court has applied a two-part test to determine whether exposure to second-hand smoke violates a prisoner's Eighth Amendment rights. *See Tilmon v. Chairman*, 3:21-CV-04037, 2023 WL 5030677, at *4 (W.D. La. July 17, 2023), *report and recommendation adopted,* 3:21-CV-04037, 2023 WL 5030092 (W.D. La. Aug. 7, 2023) (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). First, a prisoner must show, objectively, that he is being exposed to unreasonably high levels of environmental smoke. *Id.*; *see also Gipson v. Keith*, No. 1:14-cv-02278, 2018 WL 1512969, at *1 (W.D. La. 2018) (applying *Helling* test to non-tobacco smoke, including marijuana smoke). Second, a prisoner must show, subjectively, that the prison authorities were deliberately indifferent to his plight. *Id.*

Deliberate indifference is "an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). An official is deliberately indifferent when he "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). He must know that the inmate faces a substantial risk of serious bodily harm and disregard that risk by failing to take reasonable measures to abate it. *See Gobert*, 463 F.3d at 346 (citing *Farmer*, 511 U.S. at 847).

It is undisputed that CCC had—and has—a policy prohibiting smoking indoors. ECF Nos. 35-3; 39 at 8. And Damond concurs that smoking Mojo is

3

prohibited entirely, as it is illegal.  ECF No. 8 at 13.  "No smoking" is printed on the dorm walls.  *Id.*; ECF No. 35-4.  Correctional officers routinely make rounds in the dorms and perform random searches for contraband.  ECF Nos. 35-3; 39 at 8.  At least one correctional officer is watching every dorm through a window at all times.  *Id.*  If an officer observes an inmate smoking in a dorm, the officer will radio for a correctional officer to enter the dorm.  *Id.*  Inmates caught smoking receive a disciplinary charge of aggravated disobedience.  *Id.*

Courts in our circuit routinely find that when a facility that adopts and attempts to enforce a no-smoking policy, it does not act with deliberate indifference.  *See Bell v. State Prison Officials*, 23-30339, 2024 WL 2863293, at *4 (5th Cir. 2024) (unpublished) ("prison has a no-smoking policy, and correction officers make rounds every twenty minutes… considering the realities of prison administration, this schedule, without more, does not show deliberate indifference"); *Todd v. Hawk*, 263 F.3d 162, 162 (5th Cir. 2001) (no deliberate indifference because prison took reasonable measures to abate risk); *Tilmon v. Chairman*, 3:21-cv-04037, 2023 WL 5030677, at *6 (W.D. La. 2023), *report and recommendation adopted*, 2023 WL 5030092 (W.D. La. 2023) (uncontroverted evidence shows that the warden took some measures to prevent exposure to second-hand smoke, even if those measures proved unsuccessful); *Dardar v. LeBlanc*, No. 1:21-cv-02284, 2023 WL 2484475, at *1 n. 1 (W.D. La. 2023), *report and recommendation adopted*, 2023 WL 2480844 at *3 (W.D. La. 2023) (no deliberate indifference where Defendants made efforts to stop inmates smoking); *Gipson v. LeBlanc*, No. 1:17-cv-1394, 2022 WL 37315, at *3 (W.D. La. 2022)

(no deliberate indifference where evidence showed Defendants took action to enforce no smoking policy, including removing privileges and issuing disciplinary violations to those caught smoking).

The summary judgment evidence includes CCC "shakedown reports" from August 4-7, 9, 12, 20, 24, 28-29, September 2-4, 7, 13, 16-17, 19-23, 25-27, 29-30, and October 1, 2023. ECF No. 35-5. Items confiscated on those dates include a lock in a sock, razor blade, burnt paper wick, shanks, lighter, cell phones, phone battery, extra medication, extra blankets, and cash. *Id.* Damond provides no evidence of contradictory facts. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts"). Rather, he has advanced conclusory allegations and legalistic arguments. Neither can defeat an otherwise viable motion for summary judgment. *See TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

By adopting a no-smoking policy and conducting random, target searches for contraband, Defendants did not disregard the risk to Damond from second-hand smoke. Rather, the uncontroverted evidence shows they took reasonable measures to abate the risk. Accordingly, Damond's claims related to second-hand smoke, including the sale of cigarettes, should be dismissed.

C.    **Damond fails to state a viable claim regarding medical care and retaliation.**

To state a viable claim for deliberate indifference to serious medical needs, a plaintiff must allege that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Damond v. City of Rayville*, 127 F.4th 935, 940 (5th Cir. 2025) (citing *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001)) (internal quotation marks omitted). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Id.*

Damond makes a conclusory allegation that he was denied adequate medical care. Yet he submits pages of medical records from CCC indicating that he received medical care regularly and frequently, including March 8, 28, April 23, 26, May 12, June 21, August 25, and November 3, 7, 2023. ECF No. 39-2 at 9-38. Damond was transferred on November 13, 2023. ECF No. 6-1 at 4. To the extent he alleges that any Defendant refused to treat him, ignored his complaints, intentionally treated him incorrectly, or otherwise disregarded any serious medical need, his claim is belied by his own exhibits. *See Damond*, 127 F.4th at 940. And his disagreement with his medical care also fails to present a viable claim. *Id.*

Likewise, Damond's retaliation claim should be dismissed. "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2)

the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Damond*, 127 F.4th at 940 (quoting *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998)) (internal quotations omitted). A plaintiff must produce direct evidence of motivation or allege a chronology of events from which retaliation may be plausibly inferred. *Id.* (citing *Woods v. Smith*, 60 F.3d 1161 (5th Cir. 1995). Mere conclusory allegations of retaliation are insufficient, and a plaintiff must allege more than his personal belief that he has been the victim of retaliation. *See id.* (citing *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999)). "Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Smith v. Hebert*, 533 F. App'x 479, 482 (5th Cir. 2013).

Damond does not plausibly allege a retaliatory adverse act. "[A] claim that an inmate was transferred to a more dangerous prison in retaliation for an exercise of a constitutional right will support a Section 1983 claim." *Damond v. City of Rayville*, 23-cv-1810, 2024 WL 1550605, at *12 (W.D. La. 2024), 2024 WL 1550605, at *11–12 (citing *Ward v. Fisher*, 616 F. App'x 680, 684 (5th Cir. 2015)). But Damond does not allege that the facility to which he was transferred was more dangerous than, or otherwise inferior to, CCC. *See Damond*, 127 F.4th at 940 (citing *DeMarco v. Davis*, 914 F.3d 383, 388 (5th Cir. 2019)). Additionally, Damond's medical records indicate that a transfer was planned to address his medical needs, not in retaliation for filing grievances. ECF No. 39-2 at 16, 23-24, 26.

7

### D. **Damond's state law negligence claims should be dismissed without prejudice.**

Damond's Complaint includes negligence claims. "However, a violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights." *Damond*, 127 F.4th at 941 (quoting *Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005)) (internal quotations omitted); *Levitt v. Univ. of Tex. at El Paso*, 759 F.2d 1224, 1230 (5th Cir. 1985) ("[U]nless the conduct trespasses on federal constitutional safeguards, there is no constitutional deprivation.").

When, as recommended here, all claims which conferred federal subject matter jurisdiction are dismissed, a court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *see also Adams v. Fuller*, 2022 WL 17250191, at *1 (5th Cir. 2022) (district courts have "wide discretion to dismiss state law claims" under Section 1367). In fact, this is the general practice. *See Damond*, 2024 WL 1550605, at *12; *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."). In the interest of economy, convenience, fairness, and comity, the Court should dismiss any remaining state law claims in this case without prejudice. *See id.*

### III. Conclusion

Because Damond fails to state viable constitutional claims, and there are no genuine issues of material fact, IT IS RECOMMENDED that Defendants' Motion for

Summary Judgment (ECF No. 35) be GRANTED, Damond's Motion for Summary Judgment (ECF No. 39) be DENIED, and the Complaint (ECF Nos. 1, 6, 8) be DENIED and DISMISSED, WITHOUT PREJUDICE as to the state law claims, but WITH PREJUDICE as to all other claims.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, August 6, 2025.

_____

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE